IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JULIO GARCIA, individually and on
behalf of other similarly situated,

    Plaintiff,

v.

PROGRESSIVE CASUALTY
INSURANCE COMPANY,

    Defendant.

Case No.:

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, JULIO GARCIA, by and through the undersigned attorney, and sues the Defendant, PROGRESSIVE CASUALTY INSURANCE COMPANY, (hereinafter referred to as "Defendant"), and alleges as follows:

## INTRODUCTION

1. This is an action by the Plaintiff against his former employer for unpaid overtime wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), and any other relief available.

2. This action is brought under the FLSA to recover, from Defendant, overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

## PARTIES

3. Plaintiff was employed as a "claims generalist associate" for Defendant and performed related activities at their New Port Richey Office place of business located at the located 7916 Evolutions Way, Suite 101, New Port Richey, Florida 34655.

4. Defendant, is a Florida Corporation which operates and conducts business in the City of New Port Richey, Pasco County, Florida, and is therefore within the jurisdiction of this Court.

## JURISDICTION

5. This action arises under the FLSA, 29 U.S.C. §210, *et. seq.* The Court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. §216(b).

## VENUE

6. The venue of this Court over this controversy is proper based upon the claim arising in the City of New Port Richey, Pasco County, Florida.

## FACTS

7. Defendant, is an organization providing a several types of insurance, including, but not limited to, home and auto insurance, to the general public.

8. Plaintiff worked for Defendant without being paid the correct overtime premium rate of time and one-half his regular rate of pay for all hours worked in excess of forty (40) hours within a work week.

9. Plaintiff worked as a "claims generalist trainee" and "claims generalist associate" for Defendant and performed related activities in Pasco County, Florida.

10. In this capacity, Plaintiff was responsible for answering all telephone calls, providing customer service, and assist Defendant's customers with the handling of their insurance claims-specifically automotive property claims.

11. Plaintiff worked for the Defendant from approximately November 2015 through August 2016.

12. Plaintiff was initially paid $21.15 per hour during training as a Claims Generalist Trainee.

13. He was eligible and received overtime pay as a trainee.

14. Plaintiff was also eligible for shift differentials when he worked weekend hours as a trainee.

15. Progressive Insurance currently pays a shift premium to account for difficult to staff work hours.

16. However, Progressive failed to include shift premiums in Plaintiff's regular rate of pay when calculating and paying him overtime pay.

17. Similarly, Plaintiff earned additional pay entitled under Defendant's "Gainshare Program."

18. Under the Gainshare Program, Plaintiff received additional pay based on the company's performance, including his own.

19. According to Progressive, "people contribute to company results by performing their job effectively and efficiently and by providing customers with Virtually Perfect Service."

20. Progressive failed to include compensation under the Gainshare Program in Plaintiff's regular rate of pay when calculating/paying overtime compensation.

21. Subsequently, Plaintiff's was promoted to a Claims Generalist Associate.

22. Plaintiff received the same pay.

23. Plaintiff was informed that he was no longer eligible for overtime pay as a Claims Generalist Associate.

24. Plaintiff worked overtime hours on a weekly basis throughout his employment.

25. Plaintiff typically worked an average of forty-five (45) hours per week due to the demands of the job.

26. Despite working more than forty (40) hours per week, Plaintiff was not paid compensation for all hours worked over forty (40) hours within a work week during several weeks of employment.

27. Defendant was aware of the overtime hours worked.

28. Plaintiff's emails, calls, computer log-ins/off and other related electronic information readily available and reviewed by Defendant will confirm that Plaintiff worked more than forty (40) hours per week and that Defendant had knowledge of the same.

29. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of the Defendant.

## COVERAGE

30. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

31. At all material times relevant to this action (2014 to the present), Defendant made gross earnings of at least $500,000 annually.

32. At all material times relevant to this action, Defendant accepted payments from customers based issued by out-of-state banks, nationwide.

33. At all material times relevant to this action, Defendant routinely ordered office equipment, materials, products, and supplies from out-of-state vendors and/or entities (i.e., computers, telephones, paper, etc.).

34. At all material times relevant to this action, Defendant had two (2) or more employees engaged in interstate commerce, handling or otherwise working on materials that have been moved in or produced for interstate commerce (i.e., computers, telephones, paper, etc.).

35. At all material times relevant to this action, Plaintiff was individually engaged in interstate commerce during his employment with Defendant by, including, but not limited to, answering telephones, speaking with clients pertaining to claims, and updating computer systems from other states outside of Florida.

## COLLECTIVE/CLASS ALLEGATIONS

36. Plaintiff and the class members performed the same or similar job duties as one another for Defendant in that they worked as Claims Generalist Associates.

37. Plaintiff and the class members handled claims involving automobile property damage.

38. Plaintiff and the class members were required to send and answer emails, make phone calls, and check voice mails routinely at all hours of the day.

39. Plaintiff and the class members had limited levels of authority to make monetary decisions.

40. Plaintiff and the class members typically could not approve any checks more than $500.

41. Plaintiff and the class members worked in a call center with other adjusters.

42. Plaintiff and the class members received similar, if not the same training.

43. Plaintiff and the class members are required to go through a two week training class, Claims Ownership.

44. Plaintiff and the class members are paid by the hour during training.

45. Plaintiff and the class members are eligible for overtime pay during the training.

46. Defendant did not include shift differential pay in Plaintiff and the class members' regular rate of pay when calculating overtime pay during training.

47. Defendant did not include Gainshare Program pay in Plaintiff and the class members' regular rate of pay when calculating overtime pay during training.

48. Plaintiff and the class members are scheduled based on a forty (40) hour workweek.

49. However, due to the demands of the job, Plaintiff and the class members usually work an extra five (5) to ten (10) hours or more per week.

50. Despite the extra hours, Plaintiff and the class members were subjected to the same pay provisions in that they were not compensated at time and one-half their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

51. Thus, the class members are owed overtime compensation for the same reasons as Plaintiff.

52. Plaintiff and the class members are not exempt from overtime pay.

53. Plaintiff and the class members do not supervise other employees of Defendant.

54. Plaintiff and the class members do not hire or fire.

55. Plaintiff and the class members do not make suggestions regarding hiring or firing.

56. Plaintiff and the class members do not make decisions that relate to the general business operations.

57. Defendant's failure to compensate employees for hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that their claims generalist associates were paid for all overtime hours worked based on the Defendant's failure to credit the claims generalist associates with all hours worked.

58. This policy or practice was applicable to Plaintiff and the class members.

59. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit, rather the same policies or practices which resulted in the non-payment of overtime to Plaintiff also apply to all class members.

60. Accordingly, the class members are properly defined as:

> **All Claims Generalist Trainees who worked for Defendant, PROGRESSIVE CASUALTY INSURANCE COMPANY, within the United States within the last three (3) years and whom were not compensated at time and one-half their full regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.**

> **All <u>Claims Generalist Associates</u> whom worked for Defendant, PROGRESSIVE CASUALTY INSURANCE COMPANY, within the state of Florida within the last three (3) years and whom were not compensated at time and one-half their full regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.**

61. The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant.

62. The exact number of members of each class can be determined by reviewing Defendant's records. Plaintiff, under information and belief, is informed there are numerous of eligible individuals in the defined class.

63. Defendant failed to keep accurate time and pay records for Plaintiff and all class members pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

64. Defendant was aware of the requirements of the FLSA yet it acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

65. Defendant has been previously sued for similar overtime allegations involving the same group of employees.

66. Yet, Defendant continues to violate the provisions of the FLSA for this group of employees.

67. Plaintiff has hired the undersigned law firm to represent him in this matter and is obligated to pay them reasonable attorneys' fees and costs if they prevail.

68. The claims under the FLSA may be pursued by others who opt-in to this case pursuant to 29 U.S.C. § 216(b).

69. A collective action suit, such as the underlying, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION**
**AGAINST PROGRESSIVE CASUALTY INSURANCE COMPANY**

70. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 – 69 above.

71. Plaintiff and the class members are entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) hours per work week.

72. During Plaintiff and the class members' employment with Defendant, Plaintiff and the class members worked overtime hours but were not paid time and one-half their regular rate of pay for the same during several weeks.

73. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff and the class members time and one-half their regular rate of pay for each hour worked in excess of forty (40) hours per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

74. Defendant neither maintained nor kept accurate time records as required by the FLSA for Plaintiff.

75. As a result of Defendant's willful violation of the FLSA, Plaintiff and the class members are entitled to liquidated damages.

WHEREFORE, Plaintiff, JULIO GARCIA, demands judgment against PROGRESSIVE CASUALTY INSURANCE COMPANY, for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by Plaintiff and the class for which Defendant did not properly compensate Plaintiff and the class, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief this Court determines to be just and appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 28th day of April, 2017.

        Respectfully submitted,

        /s/ Carlos V. Leach
        **Carlos V. Leach, Esq.**
        FL Bar No.: 0540021
        **MORGAN & MORGAN, P.A.**
        20 N. Orange Avenue, 16th Floor
        Post Office Box 4979
        Orlando, Florida 32802-4979
        Telephone:  (407) 420-1414
        Facsimile:  (407) 245–3341
        Email: CLeach@forthepeople.com
        *Attorneys for Plaintiff*